**DAVIS v. CITY OF SAN ANTONIO et al.**

No. 10771.

Court of Civil Appeals of Texas.
San Antonio.
Oct. 11, 1939.

Marcus W. Davis and Jack Davis, both of San Antonio, for appellant.

J. I. Kercheville, City Atty., Henry B. Dielmann, First Asst. City Atty., and J. Arthur Sandlin, Asst. City Atty., all of San Antonio, for appellees.

SMITH, Chief Justice.

This appeal is from a judgment rendered in a District Court of Bexar County, in which the procedure is governed by the so-called Special Civil Practice Act, art. 2092, R.S.1925, as amended by H. B. 1074, passed at the Regular Session of the 46th Legislature, approved and effective June 7, 1939, Vernon's Ann.Civ.St. art. 2092.

The judgment was rendered and became final on August 28, 1939, no motion for new trial having been filed. Jack Davis, plaintiff below, filed his appeal bond, and the same was approved on September 22nd. The City of San Antonio and others joined with it as defendants did not appeal. Under § 31 of the Special Practice Act, Vernon's Ann.Civ.St. art. 2092, § 31, appellant was required to file his statement of facts and bills of exception "within ninety (90) days after the judgment is rendered." The time so allowed will expire November 26th. Appellant has not yet filed in this Court any part of the record made below, but has advised this Court that he will file his transcript and statement of facts within the ninety-day period. On the other hand, however, appellees brought up, on September 28th, and filed in this Court, a duly authenticated transcript, as well as a duly authenticated statement of facts, properly certified by the official court reporter, agreed to by all the parties, and approved by the trial judge, purporting to contain all the proceedings had, and all the evidence adduced, in the court below. The record in this Court therefore includes a transcript and statement of facts in the case, the completeness and accuracy of which is not questioned in any way by appellant.

Now, upon this record appellees have filed and presented in this Court a motion to advance the cause, upon grounds deemed sufficient to authorize advancement under the provisions of Art. 1849, R.S.1925. Appellant is resisting the motion and has moved, in turn, to strike the transcript and statement of facts filed by appellees, upon the grounds that under the provisions of § 31 of the Special Practice Act he "has ninety days from the date of said judgment, August 28, 1939, within which to file the transcript and statement of facts," and, further,

"7. That Appellant earnestly suggests that this right and time which is given to him by a statute of this state cannot be abridged by an order of this Court requiring him to file his Transcript and Statement of Facts within a less time than that allowed by law, or by accepting a Transcript and Statement of Facts filed by Appellees. Appellant would further suggest that such a proceeding as is requested by Appellees would be absolutely inconsistent with the rights and time allowed under the law to Appellant.

"8. That Appellant further suggests that the time given him for the filing of the Transcript and Statement of Facts in this Honorable Court is allowed not only for the purpose of preparing the same but is also allowed for the purpose of permitting Appellant to prepare for the hearing and trial in this court.

"9. That Appellant further says that it was never contemplated under the law that Appellees be allowed to secure an earlier hearing of the cause by filing their own Transcript and Statement of Facts when there is still time within which Appellant may and will file same. Appellant further suggests that since he has not filed the Transcript and Statement of Facts there is no cause on the docket of this court the setting of which can be advanced.

"10. That Appellant has no intention or desire to delay the final disposition of this cause any longer than is absolutely necessary. In truth and in fact Appellant, plaintiff in the trial court, agreed to an advanced setting in said trial court, and is willing that said cause be speedily disposed of in this court consistent with his rights under the law."

■ Appellees' right to file a record in this Court is accorded them by statute and

rules, which provide that upon application of "either party" the Clerk of the trial court shall prepare and deliver to him a "transcript of the record of the cause." Art. 2278, R.S.1925; Rules 3 and 4 for Courts of Civil Appeals; 3 Tex.Jur. § 489. The right is absolute, and appellant's motion to strike will be overruled.

The City seems to concede, in effect, however, that appellant's appeal cannot lawfully be subjected to submission and decision before the expiration of the ninety-day period, and say: "That Appellees, in their Motion to Advance, asked this Court to advance this cause on its docket to the earliest possible date, meaning thereby the earliest possible date this Court can legally set this case for submission. In this connection, Appellees wish to say that if this Court should be of the opinion that this cause cannot be advanced for submission prior to the expiration of the 90 days ordinarily allowed Appellant under the statutes, then Appellees respectfully request that this case be set for submission as soon after the expiration of the 90 days ordinarily allowed Appellant for the filing of his transcript or a reasonable time after Appellant files his transcript within such 90 day period."

Having concluded that the cause is of such a nature as to entitle it to advanced submission, we have decided to so advance it, and, in view of the City's concession and suggestion, the cause will be set for submission on Wednesday, November 29, 1939. The record has long been completed, and as the case went off on general demurrer and plea in abatement, the issues of law are clearly defined and no doubt well in the minds of the parties, so that the time here allowed will enable counsel sufficient opportunity to fully present the apparent important questions presented.

■ We expressly refrain from passing upon the question of whether a transcript of the record of the proceedings below is required to be filed in accordance with the provisions of the general statute, Art. 1839, R.S.1925, as amended by the Act of 1933, 43d Leg. p. 142, Ch. 67, Vernon's Ann.Civ. St. art. 1839, as this question is not raised in this original proceeding.

Appellant's motion to strike will be denied, and appellees' motion to advance will be granted and the cause set for November 29, 1939.